**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EDWIN O. MURPHY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-1064-O-BP** |
| | § | |
| **FORT WORTH ISD, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 28, 2026, Plaintiff Edwin O. Murphy, proceeding *pro se*, filed a civil complaint and application to proceed *in forma pauperis* ("IFP"), which were referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. *See* ECF Nos. 1, 3, 4.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Edwin O. Murphy is the plaintiff. He names Fort Worth ISD, Benjamin Leos, Denisha Ibiezugbe, and Mark Cerja as defendants.

C. LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On

September 2, after reviewing Plaintiff's IFP application and supporting affidavit, the Court determined that Plaintiff has sufficient financial resources to pay the $405 filing and administrative fees for this action. ECF No. 6. The Court ordered Plaintiff to pay $405 to the Clerk of Court by September 16 and explicitly warned him that failure to do so may result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's September 2 order expired. To date, Plaintiff has not paid the filing and administrative fees, sought an extension of time to do so, or otherwise attempted to cure his outstanding filing deficiency. Because Plaintiff has not been granted permission to proceed IFP or paid the requisite filing and administrative fees, this case is subject to dismissal for his failure to comply with the Court's instructions and otherwise prosecute this case under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiff's IFP application and **DISMISS** his Complaint for lack of prosecution and for failure to comply with a court order, without prejudice to it being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14)**

**days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is so **ORDERED** on September 22, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE